Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL XII (DJ-2025-063B)

| ROLANDO BARREIRO VÁZQUEZ<br><br>Recurrente<br><br><br>v.<br><br><br>JUNTA DE LIBERTAD BAJO PALABRA<br><br>Recurrida | TA2026RA00246 | Revisión procedente de la Junta de Libertad bajo Palabra<br><br>Caso Núm.: 147732<br>Confinado Núm.: B705-32778<br><br>Sobre:<br>No Concesión del Privilegio de Libertad bajo Palabra Detainer Inmigración |
| --- | --- | --- |

Panel integrado por su presidente, el Juez Candelaria Rosa, el Juez Adames Soto y el Juez Campos Pérez.

Candelaria Rosa, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 29 de mayo de 2026.

Comparece como indigente el señor Rolando Barreiro Vázquez mediante revisión judicial y solicita que revoquemos la Resolución de la Junta de Libertad Bajo Palabra, emitida el 2 de febrero de 2026. En dicho dictamen, se denegó conceder al recurrente el privilegio de la libertad bajo palabra. Por los fundamentos que expresaremos, confirmamos la *Resolución* recurrida.

En síntesis, mientras el señor Barreiro Vázquez cumplía una sentencia de cuarenta y cinco (45) años, el 28 de enero de 2019, la Junta adquirió jurisdicción sobre el caso del recurrente y celebró una vista de consideración el 8 de octubre de 2025. Luego de evaluado su caso, el 2 de febrero de 2026, determinó que no se le podía conceder el privilegio de libertad bajo palabra y suspendió todos los procedimientos relacionados al caso del señor Barreiro Vázquez hasta que cumpla la

totalidad de la sentencia, es decir, hasta tentativamente el 30 de septiembre de 2042. Esto, por razón de que el recurrente cuenta con una orden de detención o *detainer* de inmigración del Servicio de Inmigración y Control de Aduanas de Estados Unidos (U.S. Immigration and Customs Enforcement o ICE), agencia federal que forma parte del Department of Homeland Security (DHS), y la Junta adujo que "determinar que dicho plan de salida es viable sería en contravención de los estatutos federales que regulan la inmigración".

Emitida la *Resolución*, la misma fue notificada el 3 de marzo de 2026, aunque el señor Barreiro Vázquez la recibió el 6 de abril de 2026 mediante correo postal. A su vez, la Junta no respondió la solicitud de reconsideración en la que el recurrente solicitó una vista.

Insatisfecho, el recurrente acude ante este Tribunal y alega que, en resumidas cuentas, la Junta erró al (1) no notificar la Resolución dentro del término dispuesto por ley; (2) determinar que el recurrente no se puede beneficiar del privilegio de libertad bajo palabra; (3) no aclarar o corregir lo escrito en cuanto al *detainer*; y (4) ignorar la solicitud de celebrar una vista para reconsideración presencial. Nos adelantamos a resolver la presente controversia previo a que la parte recurrida presente su oposición.

Vale recordar que la *Ley de la Judicatura de 2003* delimita la facultad revisora de este Tribunal de Apelaciones. En lo pertinente, dicha ley establece que se podrá recurrir ante este Foro "[m]ediante recurso de revisión judicial, que se acogerá como cuestión de derecho, de las decisiones, órdenes y resoluciones finales de organismos o agencias administrativas". Art. 4.005 de la Ley de la Judicatura del Estado Libre Asociado de Puerto Rico de 2003, Ley Núm. 201-2003 (4

LPRA sec. 24y). Ello resulta compatible con las disposiciones de la *Ley de Procedimiento Administrativo Uniforme* (LPAU) y el *Reglamento del Tribunal de Apelaciones*. Véase Sec. 4.2 de la Ley Núm. 38-2017 (3 LPRA sec. 9672); Regla 56 del Tribunal de Apelaciones (4 LPRA Ap. XXII-B). De modo equivalente, la jurisprudencia del Tribunal Supremo de Puerto Rico ha limitado la revisión judicial de decisiones administrativas a aquellas instancias en que se trate de órdenes o resoluciones finales, y en las que la parte que solicita la revisión haya agotado todos los remedios provistos por la agencia administrativa. *Fuentes Bonilla v. ELA*, 200 DPR 364 (2018) (citando a *Tosado v. AEE*, 165 DPR 377 (2005)).

Esto último incluye, en lo pertinente, que el peticionario solicite reconsideración de la resolución de la agencia dentro del término de veinte (20) días calendarios desde la fecha de archivo en autos de la notificación de dicha determinación. Sec. 3.15 de la Ley Núm. 38-2017 (3 LPRA sec. 9655); Reglamento de la Junta de Libertad Bajo Palabra, Reglamento Núm. 9684 de 8 de agosto de 2025, Art. XV, Sec. 15.1(A), pág. 88.[1] Cuando una agencia que recibió una solicitud de reconsideración la rechazare de plano o no actuare dentro de los quince (15) días, el término de treinta (30) días para solicitar revisión comenzará a correr desde que expiren esos quince (15) días. Secs. 3.15 y 4.2 de la Ley Núm. 38-2017 (3 LPRA secs. 9655, 9672); Reglamento de la Junta de Libertad Bajo Palabra, *supra*, págs. 88-89. De la agencia tomar alguna determinación en su consideración, el término para solicitar revisión empezará a contarse desde la fecha en que se archive

---

[1] Habiéndose celebrado la vista de consideración y emitido la *Resolución* aquí impugnada después de entrar en vigor el Reglamento Núm. 9684, son de aplicación al presente caso las disposiciones de éste.

en autos una copia de la notificación de la resolución final de la moción de reconsideración. Sec. 3.15 de la Ley Núm. 38-2017, *supra*; Reglamento de la Junta de Libertad Bajo Palabra, *supra*, pág. 89.[2]

Conforme lo anterior, una decisión administrativa debe notificarse a las partes afectadas de forma adecuada y completa, toda vez que una notificación insuficiente puede provocar consecuencias adversas a la sana administración de la justicia. *Picorelli López v. Depto. de Hacienda*, 179 DPR 720 (2010); *Olivo v. Srio. de Hacienda*, 164 DPR 165 (2005). De esta manera, las partes tendrán la oportunidad de advenir en conocimiento real de la decisión tomada, y así decidir si ejercer o no los remedios disponibles por ley. *Picorelli López v. Depto. de Hacienda*, *supra*.

Por otra parte, el beneficio de la libertad bajo palabra es aquel privilegio que un Tribunal o la Junta podrá conceder a aquella persona recluida en una institución correccional de Puerto Rico para que esta pueda cumplir la última parte de su condena en libertad. *Benítez Nieves v. ELA*, 202 DPR 818 (2019); *Quiles v. Del Valle*, 167 DPR 458, 475 (2006) (citando a *Pueblo v. Negrón Caldero*, 157 DPR 413 (2002); *Pueblo v. Zayas Rodríguez*, 147 DPR 530 (1999); *Pueblo v. Molina Virola*, 141 DPR 613 (1996)). En el caso de la Junta, ésta deberá evaluar varios criterios, tales como la totalidad del expediente penal, los antecedentes penales, la clasificación de custodia, la edad del peticionario, el historial social y la opinión de la víctima, entre otros. Art. 3-D de la Ley Núm. 118 de 22 de julio de 1974 (4 LPRA sec.

---

[2] Añadimos que los términos dispuestos en la Ley Núm. 50-2026—y el cual añadió el Artículo 4-A de la Ley Núm. 118 de 22 de julio de 1974 (4 LPRA sec. 1504a)—no aplican al presente caso, toda vez que dicha Ley Núm. 50-2026 entró en vigor el 30 de marzo de 2026.

1503d); Reglamento de la Junta de Libertad Bajo Palabra, supra, págs. 37-49.

No obstante, la Junta no puede conceder el privilegio de libertad bajo palabra cuando exista una orden de detención o *detainer* emitida por el Servicio de Inmigración y Naturalización. Reglamento de la Junta de Libertad Bajo Palabra, *supra*, pág. 38. La Junta notificará su determinación dentro de veinte (20) días calendarios, contados a partir de la fecha en que se emitió la determinación. Íd., pág. 86.

En el presente caso, la Junta de Libertad Bajo Palabra actuó correctamente al denegar la petición del señor Barreiro Vázquez. Nuestro ordenamiento más reciente dictamina que la existencia de un *detainer* compela a la Junta a denegar conceder el privilegio de libertad bajo palabra de un confinado y no expresa que la Junta esté obligada a celebrar una vista argumentativa para dilucidar el asunto. Asimismo, el recurrente no nos puso en posición para dudar de la existencia o razonamiento del referido *detainer*.

Por otro lado, las leyes y reglamentos pertinentes no obligan a la Junta a acoger una moción de reconsideración, puesto que existe el remedio de la revisión judicial para quienes no recibieron respuesta. Por último, aunque es cierto que la Junta notificó su *Resolución* tardíamente, el recurrente logró presentar su solicitud de reconsideración y recurso de revisión judicial dentro del término estatutario—basado, respectivamente, en la fecha de 6 de abril de 2026 encontrada en el sobre del correo postal, y en la falta de respuesta de la Junta a la moción de reconsideración—por lo cual éste fue informado de la decisión, tuvo la oportunidad de oponerse a dicha determinación.

Por los fundamentos expresados, confirmamos la *Resolución* recurrida.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones
